STILLWELL, Defendant in Error, v. TEMPLE, Plaintiff in Error.

1. Relief against penalties will not be afforded at the instance of the persons in whose behalf the penalties are stipulated for.
2. A. leased a dwelling-house to B. for one year. A. stipulated in the contract of lease that he would at any time during the year sell and convey the premises to B. on certain specified terms. B. covenanted that he would during the term demand a conveyance and comply with the conditions of sale. It was further agreed as follows : " Upon the completion of said sale and purchase as and in the manner aforesaid, said lease and rent shall cease ; and to secure the faithful payment of said rent and making of said purchase as and in the manner. aforesaid, the said B., has assigned unto said A. his right and title to three hundred shares of the capital stock of the St. L. & B. Mining Company, now owned by him, which shall become the absolute property of said A. without redemption, and as and for liquidated damages and not as a penalty, in case said B. should fail faithfully to pay said

Stillwell v. Temple.

rent and make said purchase when and in the manner aforesaid ; but upon such faithful performance the stock shall revert and be reassigned to him." B. failed to pay the rent or to make the purchase as agreed. A. brought suit against B. to recover one year's rent of the premises and damages for the failure of B. to purchase the premises ; he did not offer to return the stock mentioned in the contract or to give credit for its value. *Held,* that A. was not entitled to recover; that the stipulation with respect to stock, whether regarded as a penalty or as stipulated damages, was a bar to such recovery.

### Error to St. Louis Land Court.

The court, at the instance of the plaintiff, gave the following instructions to the jury : " 1. If the defendant executed the lease and agreement read in evidence, and if the defendant failed to purchase the premises described in said agreement according to the terms and conditions thereof, then the plaintiff is entitled to recover for one year's rent of said premises according to the price of said rent named in said lease, and in addition thereto such damages as the jury shall believe the plaintiff has sustained by reason of the defendant's failure to purchase said premises in conformity with the terms of said agreement. 2. The measure of damages for the failure on the part of defendant to purchase the property described in the lease and agreement read in evidence is the actual damage the plaintiff has sustained by reason of such failure."

The court refused the following instructions asked by the defendant : " If the jury believe from the evidence that, at the time of the execution of the agreement sued on, the defendant assigned to plaintiff defendant's right, title and interest in three hundred shares of the capital stock of the St. Louis & Birmingham Iron Mining Company, and that it was then agreed that said stock so assigned should become the absolute property of plaintiff without redemption, and as for liquidated damages and not as a penalty in case defendant should fail to pay the rent and make the purchase as provided in said agreement ; and if they further believe from the evidence that the defendant paid the rent for the first year, and that by agreement between the parties the terms of the

11—VOL. XXVIII.

original agreement were continued in force for one year longer, to-wit, until April, 1855, and the plaintiff continued to hold said stock upon the terms provided in said original agreement as thus extended, they must find for the defendant, unless they further believe from the evidence that plaintiff, before the commencement of this suit, reassigned said stock to defendant, or offered so to do, and that defendant refused to receive the same. 2. They are further instructed that the law will not permit plaintiff to retain and hold the stock described in said agreement as a penalty or forfeiture, and also to recover in this suit for the breaches of the covenants in said agreement."

The defendant offered to prove that the stock spoken of in the agreement " was of the par value of fifty dollars per share." The court, on the motion of plaintiff, refused to permit the testimony to be introduced.

*Hill, Glover & Hill*, for plaintiff in error.

I. The court erred in excluding evidence as to the par value of the stock.

II. The court erred in giving the instructions asked for by plaintiff and in refusing those asked for by defendant. The language of the agreement is too strong to leave the least doubt of the intention of the parties to liquidate the damages.

*Krum & Harding*, for defendant in error.

I. The testimony offered to prove the par value of the stock was properly excluded. The value of the stock was not an issue in the case ; and if the plaintiff was not entitled to hold the stock, no foundation was laid by the answer or the evidence to charge him with its value by way of set-off or otherwise. But the plaintiff, by the terms of the agreement, had a right to hold the stock.

II. The proposition embodied in the refused instructions of the defendant is not law. It is tantamount to saying as matter of law that the plaintiff had no right to claim either rent or damages of the defendant, notwithstanding his covenants.

It is manifest that this is not according to either the letter or spirit of the agreement. Reassigning the stock would make no difference in this result, unless such reassignment was by agreement of the parties to be a cancellation of that part of the agreement which relates to the stock. The rent was definitely fixed by the agreement. The agreement with respect to the stock relates to the damages in case of a failure to purchase. If this clause is to have any effect, it must be construed as a penalty. (See 5 Sandf. 192; 18 Barb. 336; 9 Jones, N. C., 15; 11 Texas, 273.) The transfer of the stock was merely by way of security. The damages not liquidated. No sum was fixed. Assuming the par value of the stock as fixed, it must be regarded as a penalty. Suppose the defendant had performed his covenant to purchase but had failed to pay rent; would it be said that the rent was paid by the transfer of the stock? The case does not come within the rules which govern questions of liquidated damages.

RICHARDSON, Judge, delivered the opinion of the court.

The parties to this action entered into a written contract by which the plaintiff agreed to lease to the defendant for the term of one year a dwelling-house in the city of St. Louis, and the defendant agreed to pay therefor, in monthly instalments, seven hundred and thirty-five dollars. By the same instrument, which was under seal, the plaintiff stipulated that he would at any time during the year sell and convey the premises to the defendant at the price and on the terms therein particularly set forth, and the defendant covenanted that he would during the term demand a conveyance and comply with the conditions of the sale. It was further agreed " that upon the completion of said sale and purchase as and in the manner aforesaid, said lease and rent shall cease ; and, to secure the faithful payment of said rent and making of said purchase as and in the manner aforesaid, the said Temple has assigned unto said Stillwell his right and title to three hundred shares of the capital stock of the St.

Louis & Birmingham Mining Company now owned by him, which shall become the absolute property of said Stillwell without redemption, and as and for liquidated damages and not as penalty, in case said Temple should fail faithfully to pay said rent and make said purchase when and in the manner aforesaid; but upon such faithful performance the stock shall revert and be reassigned to him." At the end of the year, the contract in all its provisions was renewed and extended for another year. The defendant paid the rent for the first year, but paid nothing for the second year, and did not complete the purchase of the property, though the plaintiff was ready and willing and offered to perform the agreement on his part. Without offering to return the stock mentioned in the contract or to give credit for its value, the plaintiff brought an action on the defendant's broken covenants, in which he sought to recover one year's rent and damages for the failure of the defendant to purchase the premises. After the commencement of the suit, but before the trial, the plaintiff sold the property, and it will be observed that the petition does not ask to have the contract of purchase specifically enforced, which the plaintiff had rendered impossible, but the action sounds entirely in damages.

The defendant contends that the parties to the contract mutually agreed that in the event of a breach of its provisions, the stock assigned and delivered to the plaintiff should cover the damages, which might be incurred, as liquidated or settled damages, without reference to the actual injury sustained. The plaintiff, on the other hand, insists that the stock or its value should be considered only as penalty, which was intended as a security for the actual damages that might accrue by the failure of the defendant to perform his contract.

The courts have indicated a strong inclination towards that construction which excludes the idea of liquidated damages and which limits a recovery to compensation for the real injury; but the rule is almost invariably invoked in favor of the party who is bound for the penalty, and it is seldom that

Stillwell v. Temple.

a party who has exacted a penalty is heard to ask to be relieved from it. If the defendant was here seeking to be relieved of a forfeiture, and to redeem the stock on condition of paying the damages which the plaintiff had suffered by a breach of his covenants, it would become material to determine whether the stock should be treated as liquidated damages or as a penalty. But that question, in our opinion, is immaterial to the decision of this case, for, no matter how it might be determined, the plaintiff is not entitled to recover. If the parties at the time of making their agreement, in order to avoid any future dispute as to the amount of damages which might result from a violation of the contract, agreed upon a definite sum represented by the stock, the plaintiff must look to the stock, as he had agreed to do, as a complete and adjusted indemnity ; and if, on the contrary, the construction contended for by the plaintiff is maintained, and it is held that the stipulated amount is to be regarded as a penalty, then it is not perceived on what principle he can ask to be relieved from a penalty he exacted himself, and be permitted to recover beyond the amount of it. Suppose that, instead of the stock of the mining company, bank stock worth a premium had been deposited to cover the breaches in advance, or rather that fifteen hundred dollars in money had been given to the plaintiff, with the express agreement that he should keep it as his own and as a full compensation for any damage he might suffer by the failure of the defendant to comply with the agreement; would it be contended that he had a right to hold on to the money and recover what he could besides ? Could he be heard to complain that he was not fully compensated ? In the case supposed the deposit would be regarded as the maximum of the defendant's liability, and though he might be relieved from a forfeiture of the whole sum on paying the actual damages occasioned by his default, the plaintiff would demand nothing beyond it. The defendant might insist that he should not lose all without reference to the extent of the injury the party had sustained ; but as a penalty is generally fixed at a sum large enough to

cover any probable liability that may be incurred, the plaintiff would not be allowed to recover beyond it. There can be no reason, if a person proposes to make a purchase at a future day, why he can not deposit stock, or any other property, with the stipulation that in the event of being disappointed in procuring means to complete a purchase, he shall only forfeit the deposit. He may be willing to lose that much for the chance of making a bargain, but unwilling or afraid to run the risk of being ruined if he should fail to comply with the terms of a sale.

The plaintiff insists that the clause of the contract under consideration relates only to the damages that might be incurred by the failure of the defendant to purchase the property. As any arrears of rent could easily be computed, there was little reason for securing it by a penalty, or liquidating the damages that might result from the nonpayment of it; but the parties chose to contract otherwise, and on turning to the clause, it will be seen that the obligation to pay rent is indissolubly connected with the agreement to purchase; and the plaintiff's construction can not be maintained without doing violence to his language and wresting words from their context.

Judge Scott concurring, the judgment will be reversed.