## H. A. Jackson v. B. A. Hunt.

January Term, 1904.

Present: Rowell, C. J., Tyler, Munson, Start, Watson, and Stafford, JJ.

Opinion filed February 15, 1904. ·

*Contract—Breach—Liquidated Damages—Offset—V. S. 1159.*

When it has been agreed between plaintiff and defendant that the former shall sell and deliver to the latter a specified quantity of logs each year, and that if the required quantity is not delivered in any year, the price for that year's delivery shall be reduced by a specified sum, such reduction is liquidated damages for such non-delivery.

V. S. 1159 prohibits the recovery in offset of damages arising from a breach of contract committed after suit brought thereon.

General Assumpsit to recover the value of logs sold and delivered. Pleas, the general issue, payment, and declaration in offset. Trial by court at the December Term, 1903, Lamoille County, *Haselton,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the facts.

*B. A. Hunt* for the defendant.

Courts construe contracts, not make them. 19 Vt. 202; 44 Vt. 395.

*R. W. Hulburd* and *G. M. Powers* for the plaintiff.

When parties to a contract provide for the payment of an amount fluctuating with the extent of the breach, it is generally regarded as manifesting an intention to liquidate the damages. 19 Enc. Law, (2 ed.) 413; *Kilbourne* v. *Lumber*

*Co·.,* 55 L. R. A. 275; *O'Brien* v. *Pipe Works,* 93 Ala. 582;·
*Kemp* v. *Ice Co.,* 69 N. Y. 45; *Louis & Co·.* v. *Brown,* 7 Ore.
326; *Williams* v. *Vance,* 30 Am. Rep. 26; *Westerman* v.
*Means,* 12 Pa. St. 97; *Cushing* v. *Drew,* 97 Mass. 445; *Jones·*
v. *Binford,* 74 Me. 439; *Williams & Co·.* v. *Vance et al.,* 9
S. C. 344; *Dunlop* v. *Gregory,* 10 N. Y. 241; *Martin* v. *Mining Co.,* 114 Fed. 553; *Lumber Co.* v. *Ison,* 23 Ky. 80; *Bor-·
ley* v. *McDonald,* 69 Vt. 309.

STAFFORD, J.　The plaintiff is seeking to recover the·
price of logs delivered to the defendant under a written contract.　The contract is that he shall·deliver all the merchantable timber standing upon his certain lot,—one hundred thousand feet, or more, the first year, and at least four hundred
thousand each succeeding year; and that the price shall be
$6.25 per M, unless he fails to deliver the required amount
in any given year, in which case it shall be twenty-five cents
per thousand less for the quantity delivered in that year; provided, however, that any excess above the required quantity
delivered in a previous year shall be added to the deficient
quantity of the later year in determining the question of deficiency.　The plaintiff delivered somewhat more than the
required amount the first year and considerably less than the
required amount in the second year and in the third year.
The defendant settled with the plaintiff for the first year and
paid him at the full rate.　He settled with him for the second
year and paid him at the reduced rate.　For the third year
the parties have not settled, and the plaintiff had judgment
below for the balance unpaid upon that year's delivery at the
reduced rate, after deducting damages for improper piling.
The defendant claimed that he should be allowed a further deduction as damage for failure to deliver the stipulated quantity in the second and third years, and offered evidence in

·support of his claim, which was excluded on the ground that .such damages were provided for by the contract itself in the ·stipulation for a reduced price. The question is on the cor-:rectness of this ruling.

It may be asked, what *was* the discount for, if it was not ·to compensate for shortage in quantity? The defendant's suggestion is that it was to compensate him for starting his mill to saw an insufficient supply. But that is only naming a special element of damage due to shortage, and there is noth-·ing to show that the discount was intended to refer to that element more than to any other. The parties having agreed ·upon a certain sum as compensation, they must abide by it.

The ruling is sustained by the cases cited in the plaintiff's brief, which are closely analogous. *Louis & Co.* v. *Brown,* 7 Oregon, 326; *Kemp* v. *Knickerbocker Ice Co.,* 69 N.Y. 45; *O'Brien* v. *Anniston Pipe Works,* 93 Ala. 582; *Kilbourne* v. *Burt & Brabb Lumber Co.* (Ky.) 55 L. R. A. 275; *Williams* v. *Vance,* 9 S. C. 344, 30 Am. Rep. 26, and note.

The defendant urges as a reason why this construction of ·the contract should not be adopted, that it leaves the defendant without remedy in case no lumber at all is delivered. That does not follow. The contract is drawn in contemplation of an honest attempt to fulfil it and provides a compensation for shortage while the contract is being operated under. We do not say that the compensation by way of discount would have any application in case of a total breach or a repudiation. That question is not here involved.

The defendant also claimed damages in set off by reason ·of an alleged breach and total repudiation occurring after action brought. But such could not be recovered in this suit. V. S. 1159.

*Judgment affirmed.*