[No. 8975.   Department Two.   March 23, 1911.]

F. J. HERBERGER, *Respondent*, v. ORR COMPANY,

INCORPORATED, *Appellant*.[1]

DAMAGES — LIQUIDATED   DAMAGES — PENALTY —CONTRACTS—CON-
STRUCTION.   Where two parties agreed to be equally liable for the
payment of a mortgage for $16,000 and that, on default of either to
pay his part, the other party might pay the same and hold a lien for
half the sum paid, and interest thereon, and a "bonus of $500 for
having made such advance," the stipulation for the bonus is one for
liquidated damages and not a penalty; since the inconveniences,
loss, expenses and damages arising from the breach are not readily
susceptible of proof and the sum is not disproportionate to the
probable damage suffered.

Appeal from a judgment of the superior court for King
county, Main, J., entered November 9, 1909, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action on contract.   Affirmed.

*Charles P. Harris* and *Bamford A. Robb*, for appellant.

*Richard Saxe Jones*, for respondent.

CROW, J.—This is an appeal from a judgment and decree
of foreclosure, entered in favor of F. J. Herberger, plaintiff,
against H. E. Orr Company, Incorporated, defendant.

The evidence is not before us, there being no statement of
facts.   The only question presented is whether the findings
support the decree.   The action as it now stands is for the
recovery of $500, on the following contract, acknowledged
and recorded:

"This agreement, made and entered into this 1st day of
November, A. D. 1907, between F. J. Herberger and Cather-
ine Herberger, his wife, the parties of the first part, and
H. E. Orr Company, Inc., the party of the second part.

"Witnesseth:   That whereas, the party of the second part
is now the owner of a number of lots in East South Park Ad-
dition to Seattle, King county, Washington, and

[1]Reported in 114 Pac. 178.

"Whereas, the said party of the second part has sold to. the parties of the first part a number of said lots, being about one-half (½) in value of the total number owned by the party of the second part, and

"Whereas, said lots are subject to a mortgage held by John Prentiss and Elizabeth Prentiss, his wife, for the sum of sixteen thousand ($16,000) dollars, payable eight thousand ($8,000) dollars on June 29th, 1908, and eight thousand ($8,000) dollars on June 29th, 1909.

"Now, therefore, it is agreed that each of the parties hereto shall pay one-half (½) of the payments to be made on said mortgage and said property shall be released from said mortgage in the following order:

"Blocks three (3), seven (7), five (5), ten (10), eleven (11), thirteen (13) and fourteen (14), such releases to be made only as payments become due on said mortgage, or necessity arises on outstanding contracts. Either of the parties hereto may make a payment on said mortgage whenever such necessity arises, and secure a partial release of the same, and such payments shall apply on the payment on said mortgage next due from said party.

"If either of the parties hereto shall fail to make payment of their one-half (½) of the amount due upon said mortgage on or before the day when the same becomes due, as specified in said mortgage, then the other party may make the same and any payment thus made by either party for the benefit of the other party, together with one-half (½) of any additional sum paid under the foregoing terms and conditions and interest on all payments at seven per cent per annum, shall immediately become a lien on the property of such other party, his heirs, administrators, executors or assigns, situated in East South Park, and not previously released from said mortgage, and shall continue to be such a lien for a period of six months, drawing interest at seven per cent, payable semi-annually, together with a bonus of five hundred ($500) dollars for having made such advance, and if at the end of six months from the time of such advance such lien shall not be paid, then it may be foreclosed immediately without right of redemption against all of the property subjected thereto."

Prior to the trial the parties made a stipulation as to certain facts, from which and the evidence the court in substance.

found: That $8,070.26 principal, and $968.44 interest, matured on June 29, 1908, on a note secured by the mortgage, being the first of the two notes mentioned in the contract; that for its payment appellant and respondent were equally liable; that the mortgagees, through their attorneys, were threatening foreclosure for its nonpayment; that the mortgage provided for a reasonable attorney's fee to be fixed by the court on foreclosure; that on July 14, 1908, respondent, acting under the terms of the contract and to avoid foreclosure, paid to the mortgagees all principal and interest then due from appellant as well as from himself, and obtained a release of certain portions of the mortgaged lots which had been conveyed to him, but which release was not of property in the order mentioned in the contract; that appellant had knowledge of such payment by respondent; that he did not refund to respondent the sums so advanced for him; but that after the commencement of this action, he paid the second note mentioned in the contract, after it had matured on June 29, 1909; that about the same time he adjusted the matter of interest theretofore paid by respondent, it being then agreed that appellant's liability for the $500 mentioned in the contract was the only issue remaining to be determined herein; that the mortgage has been fully satisfied; that there is no method to ascertain what amount of costs, attorney's fees, expenses, and other damages, would have been incurred if the first payment had not been made by respondent upon demand of the mortgagees' attorneys, and if the mortgage had been then foreclosed; that the sum of $500 was fixed by the appellant and respondent agreeing thereto, as the proper amount to be inserted in the contract, and that it is not disproportionate to the probable damages suffered by the respondent, nor is it an unconscionable sum.

The case turns upon the proper construction of that portion of the contract whereby it was stipulated that if either party upon the other's failure should pay the entire amount then due upon the mortgage, the other would repay him one-

half of said amount "together with a bonus of $500 for having made such advance." Appellant contends that the sum thus designated as a bonus is nothing more or less than a penalty or forfeiture, the payment of which cannot be enforced in this action. Only one-half of the principal and interest which fell due on the first note in June, 1908, was an obligation of the respondent. It was appellant's duty to pay the other half and avoid a foreclosure which would have resulted in heavy costs, attorney's fees and expenses to appellant and respondent. In the absence of any evidence, we have no means for learning what inconveniences, loss, expense, or damages the respondent may have incurred.in providing the funds with which to make, or in making, the payment of appellant's portion of the sum due and thus avoiding the foreclosure. Nor can we now know what expenses of foreclosure were avoided by the act of respondent. Although the contract refers to the sum of $500 as a bonus, it is apparent that it was fixed by the parties as liquidated damages agreed upon for their mutual protection.

"There are two excellent rules given for inferring that the parties intended the sum as liquidated damages: (1) Where the damages are uncertain, and not capable of being ascertained by any satisfactory and known rule, whether the uncertainty lies in the nature of the subject itself, or in the particular circumstances of the case; or (2) where from the nature of the case and the tenor of the agreement, it is apparent that the damages have already been the subject of actual and fair calculation and adjustment between the parties. As to whether a sum agreed to be paid as damages for the violation of an agreement shall be considered as liquidated damages or only as a penalty is held to depend upon the meaning and intent of the parties as gathered from a full view of the provisions of the contract, the terms used to express the intent, and the peculiar circumstances of the subject-matter of the agreement. The contract is to govern; and the true question is, What was the contract?" 13 Cyc. 90.

The damages which would result from appellant's failure

to pay his proportion of the debt were uncertain and difficult of exact ascertainment by any known or satisfactory rule. It is apparent that the parties intended to agree upon some fixed sum to be so paid as liquidated damages and that they did agree, although the term liquidated damages was not used in their written contract. Appellant cites and relies upon *McDaniels v. Gowey*, 30 Wash. 412, 71 Pac. 12, but the instrument there sued upon, not at all similar to the one here involved, was held to be an indemnity bond, imposing a penalty, and not intended to fix any definite sum as liquidated damages. In *Madler v. Silverstone*, 55 Wash. 159, 104 Pac. 165, we said:

"Generally speaking, it may be said, that when the damages arising from the breach of the contract which the obligation is given to secure, are uncertain in their nature and not readily susceptible of proof by the ordinary rules of evidence, and are not so disproportionate to the probable damages suffered as to appear unconscionable, and it is reasonably clear from the whole agreement that it is the intention of the parties to provide for liquidated damages and not a penalty, such a stipulation will be held to be one for liquidated damages."

Applying this test to the contract now under consideration, we conclude that the parties intended to, and did, fix the liquidated damages, which were not unconscionable in amount and cannot be regarded as a penalty.

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, and MORRIS, JJ., concur.