[No. 9862.   Department One.   June 26, 1912.]

MARY W. BARRETT, *Respondent*, v. ELLEN S. H. MONRO
*et al., Appellants.*[1]

LANDLORD AND TENANT—RENT—DEPOSIT AS LIQUIDATED DAMAGES. A stipulation in a lease that a deposit of $1,200 made at the beginning of the term shall be held by the lessors to indemnify them against any loss or damage which they may sustain by reason of any violation of the terms of the lease on the part of the lessees, as liquidated damages, is one for liquidated damages and not merely for security, and entitles the lessor to retain the whole deposit, upon termination of the lease for nonpayment of rent; the actual damages from default being incapable of exact determination.

DAMAGES — LIQUIDATED DAMAGES — REASONABLENESS — LANDLORD AND TENANT. Liquidated damages in the sum of $1,200, for the lessees' breach of a lease is not unreasonable where the total rent for the five-year term amounted to $36,000.

LANDLORD AND TENANT—RENT—LIQUIDATED DAMAGES—WAIVER. The retaking of possession for default in the payment of rent does not waive the lessor's right to the liquidated damages stipulated for in the lease.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 24, 1911, upon findings in favor of the plaintiff, in an action for money paid, after a trial to the court.   Reversed.

*Revelle, Revelle & Revelle, H. R. Clise,* and *C. K. Poe,* for appellants.

*John D. Dill* and *Foster & Worthington,* for respondent.

CROW, J.—There is no serious dispute as to the facts in this action.   On April 15, 1909, defendants' predecessors in interest, as landlords, executed and delivered to plaintiff's

[1]Reported in 124 Pac. 369.

predecessor in interest, as tenant, a five-year lease upon an· apartment house, in the city of Seattle, for a rental of $36,000, payable from the 1st to the 5th of each month in advance installments of $600 each. At the commencement of the term, the lessee made the first payment, and also deposited with the lessors the sum of $1,200, relative to which the lease contained the following material stipulations:

"Party of the second part hereby agrees at the time of the execution of this lease to pay to the parties of the first part the sum of twelve hundred ($1,200) dollars, which sum shall be held by the parties of the first part to indemnify them against any loss or damage which they may sustain by reason of any violation on the part of the party of the second part of the terms, covenants and agreements contained in this lease as liquidated damages.

"If said party of the second part faithfully performs and complies with all the conditions, stipulations and agreements contained in this lease on his part to be performed, then the parties of the first part agree to apply said twelve hundred ($1,200) dollars in payment of the monthly rental due for the last two months of the part of this lease."

Defendants have succeeded to all rights and liabilities of the original lessors, and plaintiff has succeeded to all rights and liabilities of the original lessee. All monthly installments of rent were paid until December, 1910, at which time plaintiff made default. On December 6, 1910, defendants, as lessors, served upon plaintiff, as lessee, the statutory three-day notice to pay rent or surrender the premises. Plaintiff continued in default. On December 10, 1910, the lessors commenced an action of unlawful detainer, and obtained a writ of restitution. Thereupon the lessee surrendered the premises and commenced this action to recover the $1,200 deposit. Defendants as lessors asserted their right to retain the $1,200 in satisfaction of their liquidated damages, as agreed in the lease, while plaintiff insisted that the deposit was made as security for payment of rent only, and not to satisfy liquidated damages. The trial court held with plaintiff, found she was liable for ten days' rent in

December, 1910, deducted the same from the deposit, and entered judgment in her favor for $1,000, interest and costs. The defendants have appealed.

The question before us is whether the deposit was to be applied in payment of appellants' liquidated damages. We hold that it was. Respondent contends that the deposit was to secure payment of the monthly installments of rent as they matured; that appellants themselves terminated the lease; that thereafter they were entitled to no rent; that they resumed possession; that they succeeded to the occupancy and use of the property; and that they cannot retain possession and appropriate the $1,200 as liquidated damages. Respondent's position leads to the conclusion that she, as lessee, would be entitled to remain in possession without payment of rent until her defaults amounted to a sum equal to the $1,200 deposit, and that appellants would be required to permit such default without terminating the tenancy, as they could apply the deposit in satisfaction of the delinquent rent. This construction would read into the lease a stipulation which it does not contain. Had appellants thus applied the deposit, and had the default continued until it was exhausted, they would have been without security for future rent, or for damages which might result from a further breach, and thereafter would have been subjected to a constant liability of losing their lease for the remainder of the term, without certainty of obtaining another tenant at an equally remunerative figure. They would also have been subjected to any damages they might sustain in recovering possession, and by reason of depreciation in rental value for the remainder of the term.

It was respondent's duty to make the stipulated monthly payments. Her failure constituted an unquestioned breach of the contract which subjected her to a termination of the lease and payment of the stipulated liquidated damages. When her breach occurred, appellants were entitled to give the statutory notice to terminate the tenancy in the event

of her continued default, and thereafter retain the deposit in satisfaction of their liquidated damages. They were not required to permit a continuance of the default, and thus increase their damages to such an extent that the liquidated sum would be insufficient to protect them. The contract had no such purpose in view. It is manifest that the parties agreed upon liquidated damages because their exact measurement could not be readily made. The sum agreed upon is not unreasonable, in view of the value and importance of the entire lease. The term had more than three years to run when respondent's default occurred. At the date of the lease and also at the date of respondent's breach, it was impossible to determine the exact damages appellants might thereafter sustain in loss of rentals, or by reason of their inability to secure another tenant for a portion of the term at as remunerative a rental. Realizing this difficulty of making an exact measurement of such damages, should a breach occur, and appreciating the fact that appellants might incur expense in recovering possession, in securing new tenants, in the possible necessity of making expensive changes or improvements as a condition precedent to obtaining a new tenant, and also in the possible depreciation of rental value, the parties agreed upon $1,200 as liquidated damages.

Respondent, in support of her contention that the $1,200 was deposited as security only, and that it could in no event be retained by appellants as liquidated damages, cites *McDaniels v. Gowey*, 30 Wash. 412, 71 Pac. 12. The instrument upon which that action was brought did not purport to stipulate any particular sum as liquidated damages, but was held to be an indemnity bond imposing a penalty. In an action on an instrument of that character, such damages only could be recovered as would be susceptible of proof by ordinary rules of evidence. In *Madler v. Silverstone*, 55 Wash. 159, 104 Pac. 165, 34 L. R. A. (N. S.) 1, we said:

"Generally speaking, it may be said, that when the damages arising from the breach of the contract which the obli-

gation is given to secure, are uncertain in their nature and not readily susceptible of proof by the ordinary rules of evidence, and are not so disproportionate as to the probable damages suffered as to appear unconscionable, and it is reasonably clear from the whole agreement that it is the intention of the parties to provide for liquidated damages and not a penalty, such a stipulation will be held to be one for liquidated damages."

The fallacy of respondent's argument lies in her assumption that the $1,200 was advanced as security only. She ignores the probable contingency that a loss of the tenancy might cause damages to appellants difficult of ascertainment, whether termination of the tenancy resulted from a wrongful and voluntary surrender by respondent or from respondent's default in payment of rent, coupled with appellants' election to then terminate the lease. By exercising their election to terminate the lease, appellants did not waive their right to retain the liquidated damages. The default which caused such termination originated with respondent. Stipulations of the lease which this court had under consideration in *Dutton v. Christie*, 63 Wash. 372, 115 Pac. 856, are not identical in form of expression with those of the lease now before us. Yet similar principles were involved in that case, and the doctrine there announced is controlling here. There the lease expressly recited that it was executed in consideration of the payment of the deposit, as well as for other considerations. That form of expression is not used in the lease now before us, yet the $1,200 here involved was paid at the date of the lease, was necessarily a part of its consideration, and was one of the moving causes for its execution. Unquestionably it would not have been made without the deposit of $1,200 coupled with the stipulation that it should be applied as liquidated damages in the event of the lessee's breach. Appellants were entitled to retain the $1,200 in satisfaction of their liquidated damages.

Reversed and remanded, with instructions to dismiss.

PARKER, CHADWICK, and GOSE, JJ., concur.