[No. 12895.  Department Two.  December 6, 1915.]

MARK MUNSON, *Appellant*, v. PAULINE P. BALDWIN *et al.*, *Respondents.*[1]

JUDGMENT—CONCLUSIVENESS—MATTERS CONCLUDED.  In an action for rent, in which the defendant pleaded an eviction and an abandonment for that cause, and that issue was tried out, a judgment for plaintiff for the rent is conclusive that the lease was determined by the fault of the lessee, and becomes the law of the case, in a subsequent action by the lessee to recover a deposit, put up as liquidated damages for breach of the lease.

LANDLORD AND TENANT—RENT—DEPOSITS—TITLE TO—LIQUIDATED DAMAGES.  Where a lessee defaulted in the payment of monthly rent and abandoned the premises, the lessor could treat the lease as terminated without waiving stipulated damages, deposited with the lessor as security for performance, the title to which thenceforth at once vested in the lessor.

SAME—TERMINATION—NOTICE—WAIVER.  Statutory notice of the termination of a lease for default in the payment of rent is not necessary where the lessee gave notice that he had abandoned the premises.

SAME—RENT—BREACH OF LEASE—LIQUIDATED DAMAGES.  The sum of $1,500 as liquidation of the damages from breach of a lease is not unreasonable, where the monthly rental was $370, and the lease had three years to run.

[1]Reported in 153 Pac. 338.

REPLEVIN—PLEADING—DEFENSES.  In an action of replevin, the defendants may plead by affirmative answer superior title and right of possession in themselves, or lack thereof in the plaintiffs, who must recover on the strength of their own title.

Appeal from a judgment of the superior court for King county, Mitchell, J., entered January 14, 1915, in favor of the defendants, dismissing an action of replevin, tried to the court.  Affirmed.

*Roney & Loveless*, for appellant.

*Wm. Hickman Moore*, for respondents.

HOLCOMB, J.—Appellant sued to recover the possession of certain city warrants, or their value.  Respondents denied that appellant was the owner, or entitled to the possession of the warrants or their value.  As a further and first affirmative defense, respondents pleaded a former suit between respondents, as plaintiffs, and appellant and G. S. Hamman and Matilda M. Hamman, as defendants, in the superior court of King county, numbered 71,528, setting forth all the records and files therein as a defense hereto.  Respondents further pleaded a cross-complaint to appellant's cause of action, alleging in substance their right to hold the warrants under and by virtue of the terms of a lease.  All the material allegations of respondents' first affirmative answer and of their cross-complaint were denied by appellant's reply, and as an affirmative defense thereto, he also pleaded the records and files in case No. 71,528.

There was a lease from respondents to G. S. Hamman and Matilda M. Hamman, executed July 10, 1908, for a period of four years, of a certain apartment house in Seattle, with a stipulated monthly rental of $370, payable in advance on the 10th day of each and every month during the term of the lease.  The lease contained this stipulation:

"It is further covenanted and agreed that the lessees as security guaranteeing the performance of this lease, will pay to said lessors the sum of fifteen hundred ($1,500) dollars,

either in gold coin or collateral for the last-mentioned amount acceptable to the said lessors, said money or collateral to be held by lessors until the expiration of this lease, when, if all the conditions of said lease have been fully performed on the part of the lessees said money or collateral is to be returned; otherwise same is to be retained by the lessors on account of liquidated damages."

It is conceded that $1,500 of city warrants were deposited by the Hammans, and received and accepted by respondents, as satisfying the above requirement of the lease. On October 11, 1909, the Hammans, with the written consent of respondents, assigned the lease to appellant. The Hammans, however, claimed to retain the ownership of the warrants, leaving them in the possession of respondents as collateral for the purposes for which they were delivered. In their written consent to the assignment of the lease, it was expressly stated that respondents "did not release the Hammans from any of the obligations or liabilities that have accrued, or may hereafter accrue, under the terms of the lease." On October 16, 1909, the Hammans sold the warrants to appellant, the assignee of the lease. On November 20, 1909, respondents notified the room tenants of the apartment building that the lessees, the Hammans, and appellant, had failed to pay two advance monthly payments of rent, and that any rental they, the room tenants, should, after such notice, pay to the lessees would be at their risk.

On December 1, 1909, appellant gave respondents a counter notice to the effect that, by reason of their notice to subtenants, and on account of the further fact that respondents had taken possession of a portion of the leased premises and leased the same to other parties, such acts constituting an interference with his beneficial enjoyment of the premises, he considered himself no longer liable for any further rent therefor, and had abandoned the premises. Thereupon respondents, on January 11, 1910, instituted the action known as cause No. 71,528, against the Hammans and appellant, to

recover the advance rental of $370 for each of the months of October and November, 1909, in two separate causes of action. The defendants therein appeared separately and answered the complaint. Munson, the appellant here, pleaded affirmatively an eviction, on the same grounds as stated in the notice to respondents of December 1, 1909. Respondents replied, denying eviction, admitting their notice to subtenants on November 20, 1909, and alleging abandonment by appellant on December 1, 1909. The cause was tried to the court on November 25, 1910, the court found for the plaintiffs and against the appellant and his codefendants on the issues of law and fact, and judgment was accordingly entered for the rent due for October and November, and a further sum of $75.66 collected by appellant "beyond the 20th day of November, 1909." No appeal was taken and that judgment became final and conclusive. Execution on the judgment was had and certain personal property of appellant seized, sold, and applied in partial satisfaction of the judgment, leaving a deficiency of $268.85. At that time the warrants in controversy were still in possession of respondent Ewing, who refused to return them. The value of the warrants was $1,500, plus accrued interest from October 16, 1909. Respondents took and retained possession of the leased premises on and after December 1, 1909.

To our minds no extended discussion of the facts or the law of the case is necessary. The judgment in cause No. 71,-528 became the law of the case between the parties, and finally determined that appellant's fault terminated the lease. He having defaulted in payment of rent for two months and abondoned the premises, the respondents could justly and lawfully elect to treat the lease as terminated, without waiving their right to retain the liquidated damages expressly provided for in the lease. *Barrett v. Monro*, 69 Wash. 229, 124 Pac. 369, 40 L. R. A. (N. S.) 763.

The provision for liquidated damages to be first deposited by the lessee with the lessor, retained, and finally held abso-

lutely to compensate in full for any breach of the lease by the lessor, is upheld in the above case, and the stipulation of the lease in that case was almost identical with the stipulation therefor in the present case. In the above cited case it was stated by the late Judge Crow:

"It was respondent's duty to make the stipulated monthly payments. Her failure constituted an unquestioned breach of the contract which subjected her to a termination of the lease and payment of the stipulated liquidated damages. When her breach occurred, appellants were entitled to give the statutory notice to terminate the tenancy in the event of her continued default, and thereafter retain the deposit in satisfaction of their liquidated damages. They were not required to permit a continuance of the default, and thus increase their damages to such an extent that the liquidated sum would be insufficient to protect them. The contract had no such purpose in view. It is manifest that the parties agreed upon liquidated damages because their exact measurement could not be readily made. The sum agreed upon is not unreasonable, in view of the value and importance of the entire lease," etc. etc.

All the foregoing observations are exactly pertinent here. Here no statutory notice was required, because appellant had given notice of abandonment. Here the entire lease had nearly three years to run, at a rental of $370 per month. Here the liquidated damages were $1,500, in the form of city warrants. It was not unreasonable as a liquidation of the damages. Upon the determination of appellant's default and breach of the lease, the title to the deposit for liquidated damages vested at once in the respondents, in whatever form, whether money or bonds or warrants. Thenceforth, appellant had no title or right of possession whatsoever to the warrants, and to recover in his action of replevin, it is most assuredly necessary that he recover upon the strength of his own title and right of possession, and not on the respondents' lack thereof. 24 Am. & Eng. Ency. Law (2d ed.), 483.

Appellant devotes considerable argument to the question of whether respondents can plead a counterclaim to a suit

in replevin. That question is immaterial here, for whether or not they could plead a money set-off or counterclaim to an action in replevin, they certainly could plead superior title and right of possession in themselves, or show lack of title and right of possession in appellant, to specific personal property, by affirmative answer, and should do so. Rem. & Bal. Code, § 264 (P. C. 81 § 235) ; 18 Ency. Plead. & Prac. 551. That was the effect of respondents' affirmative answer and their cross-complaint.

The facts fully support the affirmative allegations of respondents and sustain the judgment. Affirmed.

MORRIS, C. J., MAIN, PARKER, and FULLERTON, JJ., concur.