[No. 15601.   Department One.   January 19, 1920.]

GEORGE A. SMITH *et al., Respondents,* v. LAMBERT
TRANSFER COMPANY *et al., Appellants.*[1]

DAMAGES (35-1)—LIQUIDATED DAMAGES AND PENALTIES—PROPOR-
TION OF SUM STIPULATED. Under a fifteen-year lease calling for rent
in the total sum of $76,500, the sum of $5,000, paid on the last in-
stallments and stipulated as liquidated damages in case of forfeiture
of the lease, is not so disproportionate to the amount involved as to
amount to a penalty.

SAME (38)—LIQUIDATED DAMAGES—LIMIT OF RECOVERY. Under a
lease providing for stipulated damages in the sum of $5,000 in case
of forfeiture for breach of conditions, the lessor cannot recover
any sum in addition on account of the nonpayment of taxes which
was a special damage arising from a breach of one of the covenants
of the lease.

Appeal from a judgment of the superior court for
King county, French, J., entered February 18, 1919,
upon findings in favor of the plaintiffs, in an action on
contract, tried to the court.   Modified.

*Reeves Aylmore, Jr., Corwin S. Shank,* and *H. C.
Belt,* for appellants.

*Tucker & Hyland,* for respondents.

MACKINTOSH, J.—On January 30, 1913, the respond-
ents leased to the appellants certain premises for a
period of fifteen years, the lease containing the follow-
ing provision:

"The lessee has paid the lessors five thousand dol--
lars mentioned in the memoranda of agreement entered
into between the lessees and the lessors on the 15th
day of November, 1912.   This payment is made in
payment of the last several monthly installments of
rental accruing under this lease, which monthly in-
stallments aggregate five thousand dollars, and as se-
curity to said lessors for the faithful performance of

[1] Reported in 187 Pac. 362.

the covenants and agreements on the part of the lessee herein. In case of the nonpayment of the rent payable at any of the times herein specified or in default of any of the covenants herein contained, the lessors may cancel this lease in the manner provided by law, and said payment of five thousand dollars shall be forfeited as liquidated damages by the lessors. The lessors covenant and agree to pay the lessees, semiannually, seven per cent interest for the first five years and thereafter six per cent upon said five thousand dollars, and on January 1 and July 1 of each year the interest then accrued upon said five thousand dollars, as herein specified, shall be credited to the lessees upon the monthly installment of rental due by the lessees to the lessors on said respective dates hereunder, and only the balance of said monthly installments after deducting the credit for interest shall be paid by the lessors.''

The appellants, after being in possession some time, failed to meet the monthly payments of rent promptly and failed to pay the taxes as provided for in the lease, and allowed the same to become delinquent. In 1918, the respondents paid the amount of the delinquent taxes and redeemed the certificate which had been issued therefor, and in August, 1918, the appellants vacated the premises and the respondents began this action for the purpose of cancelling the lease, declaring a forfeiture of, and providing for the retention of, the $5,000 deposit as liquidated damages, and also asked judgment for $2,145.93, the amount of the delinquent taxes which they were compelled to pay. The judgment of the lower court resulted in favor of the respondents in the sum of $2,145.93, together with the forfeiture of the $5,000 as liquidated damages.

Two questions appear in this case: First, as to whether the provision in regard to the $5,000 is a provision creating a penalty or creating liquidated damages; and second, if the provision is one creating liqui-

dated damages, whether the respondents are entitled, in addition to the amount of $5,000, to a judgment for the amount which they have expended in the payment of delinquent taxes.

The question as to whether a stipulation in regard to the payment of a fixed sum to a landlord to be used in compensation for breach of the lease is held by the landlord as a penalty or as liquidated damages is one of no little difficulty, for it calls upon the court to determine what was the intention of the parties to the lease; and different courts, in interpreting the intention of the parties, have arrived at what appear to be irreconcilable conclusions, but all the courts seem to agree that the mere language that the parties may have used is not of controlling effect, but is to be given the legal force their intention indicates. Some courts have held that express stipulations for "penalties" were really stipulations for "liquidated damages;" and *vice versa,* "liquidated damages" have often been called "penalties." Such courts hold that the parties may not agree absolutely upon a large price for the breach of some immaterial or trivial part of their contract, it being said that such an agreement is against the policy of the law. The test of the validity of such contract provisions as the one before us has been determined by this court to be that of the adequacy and justice of the amount stipulated. The nature of the agreement, for a possible breach of which the contract provides, is a determining factor in establishing the intent of the parties in providing for a possible violation. Some of the particular things provided for in the contract may be of less importance than others and their breach may not result in serious damage, but this is no more an absolute guide to the parties' intention than the use by them of the words "penalty" or "liquidated damages." That intention is to be deter-

mined by whether, in view of the actual breach complained of, the amount provided for in the contract can fairly be regarded as a penalty or as a fair measure of the real damage in the minds of the parties most capable of determining the possible effect of the breach of the contract.

"Generally speaking, it may be said, that when the damages arising from the breach of the contract which the obligation is given to secure, are uncertain in their nature and not readily susceptible of proof by the ordinary rules of evidence, and are not so disproportionate to the probable damages suffered as to appear unconscionable, and it is reasonably clear from the whole agreement that it is the intention of the parties to provide for liquidated damages and not a penalty, such a stipulation will be held to be one for liquidated damages." *Madler v. Silverstone,* 55 Wash. 159, 104 Pac. 165.

In a case in which a provision for the deposit of $1,200 for the breach of a lease, the total rent of which amounted to $36,000, was before us, this court said:

"The fallacy of respondent's argument lies in her assumption that the $1,200 was advanced as security only. She ignores the probable contingency that a loss of the tenancy might cause damages to appellants difficult of ascertainment, whether termination of the tenancy resulted from a wrongful and voluntary surrender by respondent or from respondent's default in payment of rent, coupled with appellants' election to then terminate the lease. By exercising their election to terminate the lease, appellants did not waive their right to retain the liquidated damages. The default which caused such termination originated with respondent." *Barrett v. Monro,* 69 Wash. 229, 124 Pac. 369, 40 L. R. A. (N. S.) 763.

In the case before us, the penalty was in the sum of $5,000, and the total amount of the rent provided for in the lease amounted to $76,500; so, in this case, we

cannot say that the amount is disproportionate to the total amount involved.

In *Munson v. Baldwin,* 88 Wash. 379, 153 Pac. 338, the sum of $1,500 as liquidated damages for breach of a lease, where the monthly rent was $370 and the lease had three years to run, was held not to be unreasonable. The parties agreed upon the liquidated damages because the exact measure could not easily be ascertained. That sum was not unreasonable in view of the value of the lease as a whole.

This court has had before it many times the question of whether stipulations in agreements were to be considered as penalties or as part of the consideration or as liquidated damages, and has held in the following cases that the stipulations were for penalties: *Krutz v. Robbins,* 12 Wash. 7, 40 Pac. 415, 50 Am. St. 871, 28 L. R. A. 676; *Johnson v. Cook,* 24 Wash. 474, 64 Pac. 729; *McDaniels v. Gowey,* 30 Wash. 412, 71 Pac. 12; *Stoner v. Shultz,* 69 Wash. 687, 125 Pac. 1026; *Miller v. Moulton,* 77 Wash. 325, 137 Pac. 491. In the case of *Dutton v. Christie,* 63 Wash. 372, 115 Pac. 856, it was held that the payment made was part of the consideration for the contract. In the following cases the stipulations were held to be for liquidated damages: *Reichenbach v. Sage,* 13 Wash. 364, 43 Pac. 354, 52 Am. St. 51; *Everett Land Co. v. Maney,* 16 Wash. 552, 48 Pac. 243; *Jennings v. McCormick,* 25 Wash. 427, 65 Pac. 764; *American Copper, B. & I. Works v. Galland-Burke B. & M. Co.,* 30 Wash. 178, 70 Pac. 236; *Drumheller v. American Surety Co.,* 30 Wash. 530, 71 Pac. 25; *Canady v. Knox,* 43 Wash. 567, 86 Pac. 930; *Madler v. Silverstone,* 55 Wash. 159, 104 Pac. 165; *Yatsuyanagi v. Shimamura,* 69 Wash. 42, 106 Pac. 503; *Herberger v. Orr Co.,* 62 Wash. 526, 114 Pac. 178; *Barrett v. Monro,* 69 Wash. 229, 124 Pac. 369, 40 L. R. A. (N. S.) 763; *Grand Union Laundry Co. v.*

*Carney,* 88 Wash. 327, 153 Pac. 5; *Munson v. Baldwin,* 88 Wash. 379, 153 Pac. 338.

Under these decisions, it must be held that the intention of the parties in the case before us was to provide for liquidated damages.

Having determined that the contract provision in question was for liquidated damages, we come to the determination of the second question, as to whether respondents are entitled to retain the $5,000 in addition to recovering the amount which they paid in taxes, which was a special damage arising from the breach of one of the covenants of the lease. The general rule, as stated in 8 R. C. L. 358, is that, in contracts providing for liquidated damages, the amounts therein named measure the damages in case of a breach, and that recovery must be for amounts no other or greater than those stipulated, though the actual damage may be greater or less. See, also, 17 C. J. 966. Without discussion, this court, in *Go Fun v. Fidalgo Island Canning Co.,* 37 Wash. 238, 79 Pac. 797, and *West Coast Manufacturer's Agency v. Oregon Condensed Milk Co.,* 54 Wash. 247, 103 Pac. 4, has committed itself to the view that liquidated damages establish the amount recoverable for the breach of the contract. If the amount agreed upon is liquidated damages, there can be no additional recovery for special items of damages arising out of breach of covenants for which liquidated damages were provided. The fact that the actual damage may be in excess of or less than the amount agreed upon as liquidated is a matter with which the court could not be concerned, for when it has been determined that that amount is not disproportionate to the amount of the actual damage which might occur, and the possibility was remote at the time of entering into the contract of accurately ascertaining the amount of the prospective damages,

and the court having found the intent of the parties to be that they have agreed upon a definite sum which was to be retained by one of the parties as full compensation in the event of the breach, proof of special items of damage for the breach of any of the conditions covered by the stipulated amount is inadmissible. This rule has been followed in a great number of cases, among which might be cited: *McCurry v. Gibson,* 108 Ala. 451, 18 South. 806, 54 Am. St. 177; *Morris v. Wilson, Sons & Co.,* 114 Fed. 74; *Millen v. Gulesian,* 229 Mass. 27, 118 N. E. 267; *Jackson v. Hunt,* 76 Vt. 284, 56 Atl. 1010; *Board of Commerce of Ann Arbor v. Security Trust Co.,* 225 Fed. 454; *Dean v. Connecticut Tobacco Corporation,* 88 Conn. 619, 92 Atl. 408; *Smith v. Newell,* 37 Fla. 147, 20 South. 249; *Jobst v. Hayden Bros.,* 88 Neb. 469, 129 N. W. 992; *Yoder v. Strong,* 227 Pa. 432, 76 Atl. 176; *Nelson v. Butler,* 190 S. W. (Tex. Civ. App.) 811; *Morrison v. Ashburn,* 21 S. W. (Tex. Civ. App.) 993; *Stillwell v. Temple,* 28 Mo. 156; *Rosenquist v. Canary,* 20 Misc. Rep. 40, 45 N. Y. Supp. 342; *Stone, Sand & Gravel Co. v. United States,* 234 U. S. 270.

It would therefore appear that the lower court was in error in including in its judgment the sum of $2,145.93, which was a special damage to the respondents for breach of the covenant to pay the taxes. The judgment of the lower court will be modified by excluding that sum, and in other respects affirmed.

HOLCOMB, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.