## SEATTLE RIALTO THEATRE CO. v. HERITAGE.

(Circuit Court of Appeals, Ninth Circuit. March 16, 1925. Rehearing Denied April 27, 1925.)

No. 4408.

1. Contracts ⚖⇒318—Forfeitures are not favored, and agreements therefor will not be implied.

Forfeitures are not favored, and agreements therefor will not be implied.

2. Bankruptcy ⚖⇒140(1) — Certificates of finance corporation, deposited by lessees, held not part of consideration of lease, but recoverable by trustee in bankruptcy of lessees.

Certificates of finance corporation, deposited with lessor under lease which provided, "should the lessees carry out and perform the terms of this lease, * * * then and in that event only the lessor will return to the lessees the two certificates * * * which form a consideration for the execution of 'this lease," held not part of consideration of lease, and recoverable by trustee in bankruptcy of lessees.

Petition for Revision of Proceedings of the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

In the matter of the bankruptcy of Samuel Stamm and Theodore Stamm, individually and as partners under the firm name and style of Stamm Bros. To review an order of the District Court (298 F. 309), reversing an order of the referee and finding that title to certain assets vested in H. W. Heritage, trustee in bankruptcy, the Seattle Rialto Theatre Company appeals and petitions to revise under Bankruptcy Act, § 24b (Comp. St. § 9608). Petition to revise denied, and appeal dismissed.

Allen & Griffith, Jay C. Allen, and Frank S. Griffith, all of Seattle, Wash., for appellant.

McClure & McClure and Walter A. McClure, all of Seattle, Wash., for appellee.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a controversy between a lessor and the trustee in bankruptcy of lessees, over two participating certificates in North Pacific Finance Corporation for the sum of $1,250. On May 23, 1922, the Seattle Rialto Theatre Company let certain premises in the city of Seattle to Stamm Bros. The lease recited that, for and in consideration of two participating certificates in the North Pacific Finance Corporation for $1,250, together with an agreement on the part of the lessees to pay promptly to the North Pacific Finance Corporation all installments accruing thereon, until the certificates became fully paid up, and in further consideration of the rents reserved, the lessor let the premises to the lessees for a term of five years. In consideration thereof, the lessees covenanted to pay the rental of $40,500 in monthly installments extending over a period of five years; to promptly pay to the North Pacific Finance Corporation all assessments made or accruing on the two certificates, which they had deposited with the lessor as a consideration for the lease, until such certificates were fully paid for, so that the lessor would at all times have good title thereto, and, in case of their failure so to do, to pay upon demand to the lessor $1,250, in money or security acceptable to it, and to take back the two certificates. The lessor covenanted on its part that, if the lessees carried out and performed the terms of the lease on their part in all respects, and promptly paid the rental as therein provided throughout the term of the lease, then and in that event only it would return to the lessees the two certificates in the North Pacific Finance Corporation, which formed a consideration for the execution of the lease. Under the foregoing facts the court below held that the trustee in bankruptcy was entitled to the two certificates in question, as against the lessor, and the case has been brought here on petition for revision and by appeal.

The petitioner contends that Dutton v. Christie, 63 Wash. 372, 115 P. 856, Barrett v. Monro, 69 Wash. 229, 124 P. 369, 40 L. R. A. (N. S.) 763, and Smith v. Lambert Transfer Co., 109 Wash. 529, 187 P. 362, are decisive of the question now before this court. In Dutton v. Christie, the lease was executed in consideration of the advance payment of $1,500, and it was agreed that, in the event of the full and faithful performance of the contract on the part of the lessee, the advance payment should be credited on the payment of the rent for the last two months of the term, but otherwise such payment should belong to the lessors as a part of the consideration to them for the execution of the lease. In Barrett v. Monro the lease provided that the advance payment should be held by the lessors to indemnify them against any loss or damage which they might sustain by reason of any violation, on the part of the lessees, of the terms, covenants, and agreements contained in the lease,

as liquidated damages, and that, if the lessees faithfully performed and complied with all the conditions, stipulations, and agreements in the lease, the advance payment should be credited on the last two months of the term. In Smith v. Lambert Transfer Company it was stipulated that the advance payment should be forfeited as liquidated damages in case of the forfeiture of the lease for any default on the part of the lessees.

In each of these cases it was held that there could be no recovery of the advance payment where the lease was forfeited for default on the part of the lessee. But a case more directly in point is Stern v. Green, 127 Wash. 429, 221 P. 601. In that case the lease provided as follows:

"Lessor hereby acknowledges receipt of the Liberty Bond listed below, of the face value of one thousand dollars ($1,000), which said Liberty Bond shall, in the event of full and faithful performance of all the covenants and agreements in this lease by the lessee to be performed, be returned to lessee at the expiration of the term of this lease; otherwise, said Liberty Bond shall belong to the lessor as a part of the consideration to him for the execution of this lease. Lessor agrees that the lessee shall collect interest which shall become due on said Liberty Bond."

For purposes of comparison, we here set forth the provision of the lease now under consideration:

"Should the lessees carry out and perform the terms of this lease on their part in all respects, and promptly pay the rental, as herein provided, throughout the terms of the lease, then and in that event only the lessor will return to the lessees the two certificates in the North Pacific Finance Company, which form a consideration for the execution of this lease."

In distinguishing Stern v. Green from the earlier decisions cited by the petitioner, the court said:

"In this case there was no recital in the stated consideration for the lease that the $1,000 should be a part of the consideration for the lease. There was a recital in the paragraph in the lease, after the provision that, in the event of the full and faithful performance of all the covenants and agreements of the lease to be performed by the lessee, the bond should be returned to the lessee at the termination of the term of the lease, otherwise to belong to the lessors as part of the consideration for the execution

of the lease. There were a great number of covenants incorporated in the lease, which have not been referred to to be performed by the lessee, in addition to the covenant to pay rent. The rent was all paid up to the time of the abandonment of the tenancy by the tenant. That provision also was that, if the covenants and agreements of the lease were performed by the lessee, the Liberty Bonds should belong to him. There was no provision that it should be applied to the last two months of the lease, and there was no provision that it should belong absolutely to the lessor from the beginning of the term.

"The case cited and relied upon, therefore, was entirely different. In the cited case, as was pointed out in the opinion, both the clauses heretofore pointed out confirmed the ownership of the lessor in the $1,500 deposit from the beginning of the term. The case was therefore distinguished by the opinion writer from certain New York cases, in one of which the tenant was required to deposit a specified sum 'as security for the faithful performance of his covenants in the lease.' In the other the lease expressly specified that the deposit 'should be forefeited' in the case of nonperformance by the lessee. In another the lease provided that the deposit should be retained by the lessor as 'liquidated damages,' in case of a breach. The opinion in the cited case concluded as follows: 'When appellants paid this money as a consideration for the lease, the title to it passed to the respondent. Their breach of the lease cannot divest his title.' In this case the lease did not provide that the deposit of the Liberty Bond should be considered as liquidated damages, and therefore we cannot so consider it without rewriting the contract."

True, the court said that its conclusion was fortified by other considerations, such as by the provision in the lease that the lessee should collect interest on the bond, and by the terms of a receipt executed by the lessor or its agent; but the decision nevertheless turned entirely upon the construction of the lease itself. If the certificates in question had been transferred to the lessor unconditionally, as a consideration for the execution of the lease, without any agreement for their return, in any event, as In re Sun Drug Company, Bankrupt, 4 F.(2d) 843, decided March 9, 1925, they became the absolute property of the lessor, and the trustee in bankruptcy cannot recover. If the lease provided that the certificates, or their proceeds, should be applied on rentals for

the last months of the term, in the event of the full and faithful performance of the covenants of the lease on the part of the lessees, but otherwise they should belong to the lessor as a part of the consideration for the execution of the lease, the trustee cannot recover. Dutton v. Christie, supra.

Again, if the lease provided that the certificates should be forfeited as liquidated damages for breach of any of the covenants of the lease on the part of the lessees, there can be no recovery Barrett v. Monro; Smith v. Lambert Transfer Co. But the petitioner does not bring its cases within any of these decisions. Here the certificates were not transferred to the lessor unconditionally, as a consideration or as a part of the consideration for the execution of the lease; for in the determination of that question we must look to the instrument as a whole, not to any particular recital therein, or to the part of the lease in which the recital may be found. The agreement to substitute money or other security for the certificates, and the agreement on the part of the lessor to return the certificates to the lessees upon the full and faithful performance of the covenants of the lease by them, is inconsistent with a claim that the certificates were a part of the consideration for the execution of the lease.

[1, 2] There was no agreement to apply the certificates on rent due or to become due, and there was no agreement that the certificates should be forfeited as liquidated damages. Forfeitures are not favored, and no such agreement can be implied. The lease, as a whole, admits of no other construction than that the certificates were deposited as security merely, and, such being the case, the trustee in bankruptcy was entitled to their return upon the payment of all rent that had accrued under the terms of the lease.

The petition for revision is denied, and the appeal dismissed.