(20 Misc. Rep. 46.)

ROSENQUIST et al. v. CANARY et al.

(Supreme Court, Trial Term, New York County. March, 1897.)

1. CONTRACTS—STIPULATION FOR LIQUIDATED DAMAGES.
    A lease by plaintiffs to defendants required the payment of two months' rent in advance, and stipulated that it should be applied to the last two months of the term, unless defendants should violate the contract, in which case plaintiffs were to keep it, as "liquidated damages, and not as a penalty." Before the end of the term, defendants were evicted for nonpayment of rent. *Held*, that plaintiffs were not entitled to retain such advance payment, and also to recover the rent as to which defendants were in default.

2. LANDLORD AND TENANT—LIABILITY FOR RENT—EVICTION OF TENANT.
    Plaintiffs, who were lessees, sublet the premises to defendants. Defendants defaulted in the payment of rent, and plaintiffs brought summary proceedings to evict them. Afterwards the owner of the premises brought summary proceedings against plaintiffs for nonpayment of rent. A warrant of eviction in each proceeding was issued against defendants on the same day. *Held*, that defendants were not entitled to damages against plaintiffs because of their eviction by the owner.

Action by J. Wesley Rosenquist and others against Thomas Canary and others for rent. Plaintiffs demur to defendants' counterclaim. Complaint and counterclaim dismissed.

Vanderpoel, Cuming & Goodwin, for plaintiffs.
Howe & Hummel, for defendants.

GILDERSLEEVE, J. The plaintiffs hired a theater from the owner, and subleased it to the defendants for a term from December 2, 1894, to April 30, 1896, at the yearly rent of $27,000, payable monthly in advance, at $2,250 per month. It was contracted that the defendants should pay to the plaintiffs the sum of $4,500 upon the formation of the contract, to be applied in payment of the rent for the months of March and April, 1896,—the last two months of the term of the lease,—unless before March, 1896, the defendants should violate the terms of the contract, in which case the plaintiffs were to keep the $4,500 as their "liquidated damages" for the breach of the contract by the defendants. It was specially stipulated that this sum of $4,500 was to be regarded as "liquidated damages, and not as a penalty." The defendants paid this money to the plaintiffs, who now have the same. About a year before the expiration of the lease, the defendants

broke the contract, by defaulting on the rent due for the month of April, 1895, whereupon plaintiffs brought summary proceedings to dispossess defendants, and obtained judgment in their favor. Defendants, however, got a stay, and appealed to the court of common pleas, where the judgment of the district court was affirmed. 36 N. Y. Supp. 979. In the meanwhile defendants again defaulted for the rent for May, 1895, and plaintiffs again brought summary proceedings to dispossess the defendants, and obtained judgment in their favor on or about June 3, 1895, so far as I am able to learn from the documentary proof, but it was not until June 5th that they obtained a warrant to dispossess the defendants. Subsequent to the commencement of the proceedings so instituted by plaintiffs against defendants, the owner, on May 31, 1895, obtained a judgment dispossessing both the plaintiffs and defendants. The warrant, however, was not issued until June 5th, the day upon which the plaintiffs' warrant against the defendants was also issued, as near as I can gather from the documentary proof, which is not as clear as one could wish.

Plaintiffs bring this action to recover for the rent of the months of April and May, 1895, which they claim in addition to the right to keep the $4,500 already paid to them as liquidated damages. Defendants maintain that this sum so paid should be applied in payment of the rent due from the defendants to plaintiffs, and they also counterclaim for damages caused by their being evicted by the owner through the fault of the plaintiffs in not paying the rent due from them to such owner. The plaintiffs terminated the contract of lease on the 5th day of June, 1895, by obtaining a warrant for the removal of their tenants, the defendants, from the demised premises; and their only claim against their former tenants is for the rent payable at the time the warrant was issued. See Code Civ. Proc. § 2253; Fursman v. Fannaci (City Ct. N. Y.) 2 N. Y. Supp. 339. The defendants remained in possession of the premises until the 5th of June, 1895, when they were evicted both by the plaintiffs and by the owner. Had there been no agreement as to liquidated damages in the contract, the measure of plaintiffs' damages for defendants' breach of contract would have been the unpaid rent for the months of April and May, 1895, and for the few days of June, 1895, that they still continued in possession in spite of the efforts of plaintiffs to remove them. See Fursman v. Fannaci, supra. But the contract especially fixed and liquidated the damages beforehand at the sum of $4,500, which defendants paid to plaintiffs. I think it is evident that the use of the term "liquidated damages," in the contract, exactly defined what the parties must fairly have intended, namely, the payment of a certain and reasonable sum of money, which should operate to extinguish any claim of the plaintiffs for damages by reason of the breach of the contract by defendants. See Ward v. Building Co., 125 N. Y. 236, 26 N. E. 256. The plaintiffs, however, seem to regard the sum so paid as a "penalty" for the breach, and not as "liquidated damages," although the contract expressly states the contrary. They demand the rent due to them, and also propose to

keep the sum already paid, apparently to punish the defendants for the breach of contract. This claim seems to me unreasonable, and the complaint should therefore be dismissed. The plaintiffs' damages have been fixed by the contract, and they have been paid.

With regard to the counterclaim of defendants, I am of the opinion that it should also be dismissed. In the first place, no damage has been shown; and, in the second place, the defendants violated the contract by defaulting on the rent for April and May, 1895, and proceedings to dispossess them had been commenced by plaintiffs before the owner had obtained judgment in his proceedings to dispossess both the plaintiffs and defendants, and the warrant in plaintiffs' case was issued on the same day on which the warrant was issued in the owner's case.

Judgment directed dismissing both the complaint and the counterclaim.