[No. 4907.  Decided February 27, 1905.]

Go FUN, *Respondent*, v. FIDALGO ISLAND CANNING
COMPANY, *Appellant*.[1]

APPEAL AND ERROR—REVIEW—VERDICT. The verdict of a jury
upon conflicting evidence is controlling and will not be disturbed
on appeal.

CONTRACTS—BREACH—STIPULATED DAMAGES—EVIDENCE OF AC-
TUAL PROFITS—IMMATERIALITY. In an action upon a contract to
pack fish for a canning company, wherein stipulated damages of
forty cents a case are agreed upon for each case less than 3,300,
upon the failure of plaintiff to pack that number each day, it is
proper to exclude evidence of the actual profit on each case of
fish packed, offered by the defendant for the purpose of showing
that it did not refuse the use of the machinery during certain
hours, since there was no issue as to such profits, and the evi-
dence would tend to confuse the jury.

CONTRACTS—CONSTRUCTION — SUNDAYS —WORK UPON—INSTRUC-
TIONS. In an action upon a contract to pack a certain number of
cases of fish for a canning company on every day during the con-
tinuance of the contract, and for stipulated damages per case for

1Reported in 79 Pac. 797.

any shortage in the required amount, it is proper to instruct the jury to the effect that the plaintiff could not be charged with any shortage occuring on Sunday, nor offset the fish packed on Sunday against shortages occurring on other days, since the contract did not require work on Sundays.

APPEAL AND ERROR—REVIEW—INSTRUCTIONS. It is not error to refuse specific instructions that are covered in the general charge.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered March 11, 1903, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon contract.    Affirmed.

*Quinby & Wells,* for appellant.

*Kerr & McCord,* for respondent.

MOUNT, C. J.—This action was begun by the respondent to recover from appellant an alleged balance on a contract for canning fish.    The complaint alleges the contract, a compliance therewith by the respondent, and a balance due him, amounting to $2,047.85.    The appellant's answer admits the contract, but denies compliance therewith on the part of the respondent, and also alleges an over-payment to the respondent, amounting to $2,187.80, and prays judgment for that amount.    Respondent's reply denies the new matter in the answer.    Upon these issues, the case was tried to the court and a jury.    A verdict was returned for the full amount of respondent's claim.    From a judgment on the verdict, this appeal is prosecuted.

The contract, after providing that the respondent should pack 3,300 cases of fish per day, at the Anacortes cannery, among other things, contained the following provision:

"That the said party of the first part [the respondent] further agrees that he will pay to said second party [the appellant] the sum of forty cents per case for each case less than 3,300, which he shall fail to pack at the Anacortes cannery on any day  .  .  .  during  the  continuance

of this contract, if the failure to make the required pack arises from lack of men or want of skill on the part of the workmen furnished by the said first party; but if any shortage of the pack arises from the failure on the part of the second party to furnish sufficient fish, or for the failure on the part of the machinery furnished to do proper work, no charge shall be made for any shortage."

It was stipulated at the trial that the respondent packed the number of cases required by the terms of the contract, and that, at the contract price, he earned $70,514.54; that he had been paid by appellant $68,466.69, leaving a balance of $2,047.85. It was conceded that respondent did not pack the guaranteed number of cases per day for a number of days, aggregating a shortage of 10,467 cases. Respondent contended below that, by the terms of the contract, he should pay for such shortage only when the same was brought about by the lack of men, or lack of skill of the workmen, furnished by him; and that he was not liable for the actual shortage above stated because such shortage was occasioned by the negligence of the appellant in not furnishing sufficient fish, and because of failure of the machinery to do proper work. Appellant contended that the shortage was occasioned solely by the negligence of the respondent in failing to furnish a sufficient number of skilled men. This was the only issue of fact in the case, and appellant's main contention before this court now is that there is no evidence to support the verdict, and that a careful weighing of the evidence shows a clear preponderance against the verdict. In view of this contention, we have gone very carefully over the entire evidence sent here, and find that there is much thereof in support of the contention of each side to the controversy. Under the uniform rulings of this court in such cases, the verdict of the jury is controlling. The jury having found the issues of fact in favor of the respondent, the verdict will not be disturbed.

In the course of the trial the appellant sought to prove that the actual profit on each case of fish was $2, for the purpose of showing that certain other evidence—to the effect that appellant refused to permit the use of machinery beyond certain hours—was untrue. This evidence was refused, we think properly, because there was no issue upon the pleadings as to the damages for failure to pack fish as agreed; such damages were stipulated by the contract; and, also, because such an issue was entirely collateral, and, if injected into the evidence, would tend to mislead and confuse the jury. Appellant also contends that the court erred in instructing the jury to the effect that they could not charge the respondent for any shortage occurring on a Sunday, and that the respondent could not offset the amount of fish packed on Sunday against shortages occurring on other days, upon the grounds that these instructions were misleading, and would tend to confuse the jury. Neither of these grounds appears to us to be tenable. No claim was made by either side that the respondent was required by the contract to work upon Sundays. The giving of these instructions therefore eliminated what was done upon such days, and must have had the effect to simplify the issues rather than confuse them. In any event, the instructions are entirely free from reversible error.

Appellant further complains of the refusal of the court to give the following requested instruction:

"As the parties to this action have agreed that, in case the plaintiff should fail at any time to put up 3,300 cases of fish each day, unless that failure is due to the defendant failing to furnish sufficient fish or keep the cannery and machinery in working condition, the plaintiff should pay forty cents per case for each case less than 3,300 so packed, you are instructed that such agreement is binding on the plaintiff, and it is not necessary for the defendant to prove that he has been damaged to that amount, but you must find that he has been damaged to that amount and deduct

16-37 WASH.

that amount from what would otherwise be due the plaintiff."

The substance of this instruction was given by the court in other instructions. It was. therefore, not error to refuse this one.

There is no reversible error in the record, and the judgment is therefore affirmed.

FULLERTON, DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.