[No. 22767.  Department One.  April 16, 1931.]

THE PACIFIC & PUGET SOUND BOTTLING COMPANY, *Respondent*, v. GEORGE I. CLITHERO *et al.*, *Appellants.*[1]

*Ryan, Desmond & Ryan* and *George R. Stuntz,* for appellants.

*H. A. P. Myers,* for respondent.

MAIN, J.—This is an unlawful detainer action. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that the plaintiff was entitled to the possession of the premises, the cancellation of the lease, and a judgment for thirty-five hundred dollars, which was double the amount of rent due. From the judgment entered in accordance with the findings and conclusions, the defendants appeal.

March 1, 1924, the respondent leased the premises in question to one Jennie C. Pinkman for a period of seven years and seven months. February 21, 1929, the lease was assigned to the appellants William Kooistra and George I. Clithero (who will be referred to as

[1]Reported in 298 Pac. 316.

though they were the only appellants) by the then lessee, there having been a number of previous assignments of the lease. December 3, 1929, the agent of the respondent served a written demand upon the appellants for the amount of rent which it was claimed was then due and unpaid. Subsequent to this, a controversy arose between the parties, the agent of the respondent claiming that there was rent due in the sum of $2,650, and the appellants claiming that the amount of rent due and unpaid was $1,750.

December 10, 1929, the appellants were served with the usual three-day notice to pay the rent or surrender the premises. December 16 of the same year, the rent not having been paid and the possession of the premises not having been surrendered, the present action was instituted, and a writ of restitution served. December 19 following, in order to avoid the actual execution of the writ, the possession of the premises was surrendered to the respondent. So far as is necessary here to state, the controversy upon the trial was over the amount of rent due. The lease provided

"That in consideration of the sum of Two Thousand ($2,000) Dollars, this day paid to the lessors by the lessee, the receipt of which is hereby acknowledged, and also in consideration of the rents and covenants hereinafter mentioned to be paid and performed on the part of the lessee, the lessors have this day demised, leased and let, and by these presents do lease and let unto the said lessee, his heirs and assigns, the following described premises, situated in the city of Seattle, King county, Washington, to-wit: . . .

"And the lessee hereby covenants, promises and agrees to pay to the lessors the rent in the amounts, and at the times hereinbefore specified, and if rent shall be due and unpaid, or default shall be made in any of the conditions or the covenants herein contained to be kept and performed by the said lessee, . . . the amount of Two Thousand ($2,000) Dollars so deposited as herein specified shall be forfeited as liquid-

ated damages on account of the breach or default of the lessee."

The portions of the lease omitted, as indicated by stars, have no relevancy to the present inquiry.

The first paragraph of the lease above quoted provides that in consideration of the sum of two thousand dollars and the performance of the other covenants by the lessee, the premises are leased and demised. In the last paragraph quoted, the two thousand dollars first mentioned is specifically referred to as having been deposited as liquidated damages. It is there said that the two thousand dollars so deposited shall be forfeited as liquidated damages on account of the "breach or default" of the lessee. The question then arises whether the breach and default there referred to includes a breach or default in the covenant to pay rent.

The clause in the fore part of the sentence, "if the rent shall be due and unpaid," bears exactly the same relation to the latter part of the sentence covering liquidated damages on account of breach or default as does the clause, "(if) default shall be made in any of the conditions or covenants herein contained." If the liquidated damages specified covers one clause, it would seem to necessarily follow that it covers the other. While it is true that the two thousand dollars, when first mentioned in the lease, was referred to as a consideration therefor, its status as liquidated damages was definitely fixed in the last paragraph. If damages for breach of the covenant to pay rent are provided for in the sum mentioned as liquidated damages, that fixes the measure of recovery. In *Smith v. Lambert Transfer Co.*, 109 Wash. 529, 187 Pac. 362, it is said:

"The general rule, as stated in 8 R. C. L. 358, is that, in contracts providing for liquidated damages, the

amounts therein named measure the damages in case of a breach, and that recovery must be for amounts no other or greater than those stipulated, though the actual damage may be greater or less. See, also, 17 C. J. 966. Without discussion, this court, in *Go Fun v. Fidalgo Island Canning Co.*, 37 Wash. 238, 79 Pac. 797, and *West Coast Manufacturer's Agency v. Oregon Condensed Milk Co.*, 54 Wash. 247, 103 Pac. 4, has committed itself to the view that liquidated damages establish the amount recoverable for the breach of the contract. If the amount agreed upon is liquidated damages, there can be no additional recovery for special items of damages arising out of breach of covenants for which liquidated damages were provided.''

The facts in that case presented the same question of law as is here presented, and the law there stated is applicable to the present situation. The damages for breach of the covenant to pay rent having been provided for in the lease in the amount specified as liquidated damages, there can now be no recovery for rent due and unpaid, because the sums specified as liquidated damages have already been paid. There was no further sum to which the respondent was entitled.

The respondent relies upon the case of *Dutton v. Christie*, 63 Wash. 372, 115 Pac. 856. In that case, fifteen hundred dollars was paid in consideration of the execution of the lease, but there was no subsequent provision therein, as here, making the sum named liquidated damages. In that case, it was expressly recognized that ''the money was not deposited as security.'' Here, the two thousand dollars paid at the time the lease was executed being made liquidated damages, it thereby became security for any covenants in the lease which it covered. Since damages for the breach of the covenant to pay rent were provided for in the two thousand dollars specified as liquidated

damages, this sum having been previously paid, no money judgment can now be rendered against the appellants.

The judgment, in so far as it awards to the respondent the possession of the premises and cancels the lease, is correct, but paragraph three thereof, in which a money judgment is awarded, is incorrect. The cause will be remanded to the superior court, with direction to modify the judgment by striking therefrom paragraph three.

TOLMAN, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.