## NEWARK SHOE STORES, Inc., v. LOEB.

### No. 2135.

Court of Civil Appeals of Texas. Beaumont. Oct. 22, 1931.†

† Received for publication March 22, 1932.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellant.

Benckenstein & Benckenstein, of Beaumont, for appellee.

WALKER, J. (after stating the facts as above).

■■ The evidence raised the issue, and in support of the court's judgment we conclude, that appellee did furnish to appellant all the space covered by its lease, and put appellant in due possession thereof and never at any time authorized Vener to disturb appellant's possession. We further conclude that Vener took possession of the rear room either with appellant's consent or under circumstances sufficient to sustain a finding that it consented to and acquiesced in the possession. We further conclude that when Vener took a second lease from appellee he was holding the rear room as tenant at will of appellant, and since appellee had not put him in possession of this room he owed appellant no duty to evict him. We further conclude that it was the intention of appellee, in executing to Vener the second lease, to lease to him the identical property, and only the identical property, covered by the original lease, and by the use of the words "being the same space now occupied by the said lessee and which has been occupied by the said lessee during the last five years" appellee referred to and described the property held by Vener under him and did not intend to include the property held by Vener as tenant at will of appellant. This construction gives effect to the intent of the parties, as testified to by appellee, and does not conflict with the specific description of the property as being 6½ feet wide from north to south.

■■ From the conclusions stated it follows that appellant abandoned the leased premises without just cause and, therefore, having wrongfully breached its contract with appellant, must account to him for all damages suffered which, under the pleadings and proof, was the amount of rent for the unexpired portion of the contract. This was the amount assessed by the court in its judgment.

The judgment of the lower court is, therefore, in all things affirmed.