## SMITH v. NAVARRO.
### No. 2522.

Court of Civil Appeals of Texas. Beaumont.

March 19, 1934.

Hardway & Cathey, of Houston, for appellant.

Sewell, Taylor, Morris & Garwood, of Houston, for appellee.

COMBS, Justice.

This appeal is from a judgment of the county court of Harris county, the appeal being originally to the Court of Civil Appeals at Galveston and the case was transferred to this court on equalization of the docket by the Supreme Court.

The suit was filed by appellee, A. R. Navarro, to recover the sum of $325 for two months rent alleged to be due under the terms of a written contract of lease entered into between the appellee, Navarro, as lessor, and appellant, Smith, as lessee. The case is before us on an agreed statement of facts. The written contract of lease was dated January 18, 1927, and was to run for a term of ten years, the appellant agreeing to pay for the first and second years an annual rental of $1,650 per year, for the third and fourth years $1,800 per year, for the fifth and sixth years $1,950 per year, for the seventh and eighth years $2,100 per year, and for the ninth and tenth years $2,250 per year. All rentals were to be paid in advance in monthly installments.

At the time of entering into the contract the property was unimproved, and appellee agreed to erect thereon for the use of appellant a brick building according to plans and specifications which were agreed to and attached to the contract. The lease contract contained the following provisions:

"IV. For the purpose of binding the lessee in this lease, the lessee has this day deposited, in escrow, with Federal Trust Company, the sum of $562.50, which sum shall be delivered to lessor upon the acceptance of the leased premises by lessee, and shall be held by lessor as security for the performance by lessee of his agreements herein contained. Lessor shall, however, during the time he holds said money, and provided that no default occurs by lessee, on account of which default this lease is terminated, pay to lessee interest on such sum of $562.50 at the rate of 5% per annum, which interest shall be payable semi-annually."

"V. In the event lessee makes default in the payment of any installment of rent due hereunder, as the same becomes due and payable, and such default continues for ten (10) days, then lessor shall have the option to declare the leasehold estate forfeited by lessee and may re-enter and take possession of said premises, and lessee agrees to deliver peaceable possession of said premises to lessor when demanded after such ten day period of grace. Upon the termination of this lease by default, lessor shall retain the said sum of $562.50 above referred to, as liquidated damages and not as a penalty, and all parties shall thereupon be released from this contract."

"IX. Lessor agrees to pay all taxes properly levied and assessed against the leased premises, and lessee agrees to reimburse lessor for one-half of the increase in taxes on the land value, if any, after the first year, and one-half of the increase of taxes on improvements, if any, after the second year. If lessee should refuse and fail for thirty (30) days after notice to pay his pro-rata share of said taxes paid by lessor as herein provided for, then such failure or refusal shall be deemed sufficient ground for a cancellation of this lease by lessor, such cancellation, however, to be made only at the option of lessor, and in the event of such cancellation, lessor shall retain the $562.50, as above provided, as liquidated damages."

The building was constructed according to agreement and appellant entered into possession of the property and occupied it until the 23d day of May, 1932, at which time, being in default for the payment of rents for a period of two months, he vacated the premises at the request of appellee. At the

time appellant vacated the premises he owed appellee $325, accrued and unpaid rentals on the property. Appellee retained the $562.50 liquidated damages which had been deposited with him in accordance with the provisions of the rent contract above set forth. He then brought this suit to recover the unpaid rentals. Appellant, by his answer in the court below, after pleading a general demurrer and general denial, specifically pleaded the above-quoted provisions of the contract, alleged that appellee had retained the $562.50 and that appellee's retention of same under the terms of the contract fully satisfied and discharged all of his obligations to appellee.

The trial was to the court, a jury being waived, and the trial court rendered judgment in favor of appellee and against appellant for the rentals sued for, plus interest and costs.

Appellant concedes that the stipulation for the retention of the $562.50 by appellee in the event of a breach is in the nature of liquidated damage, no point being made that it was intended as a penalty. The sole question for determination then is whether, in contemplation of the parties, the amount specified as liquidated damages was meant to include any rentals accrued and unpaid at the time the appellee should exercise his option to cancel the contract.

Construing the contract as a whole, it seems clear to us that the parties intended the provision for liquidated damages to protect against the consequences of appellant's vacating the premises before the expiration of the lease. Appellee had obligated himself to construct, and did construct, a building for the special use of the appellant, and appellant had unconditionally obligated himself to occupy the premises and to pay the rentals specified for a period of ten years. Had appellant, during the term of the lease, abandoned the leased premises without just cause, he would have been liable to account to appellee for all damages suffered by him by reason of the loss of the future rentals. Newark Shoe Stores, Inc., v. Loeb (Tex. Civ. App.) 47 S.W.(2d) 366. In providing for appellee's option, as lessor, to declare the lease forfeited in case of the breach of the lease contract by appellant it was within the reasonable contemplation of the parties that damage would result to appellee from loss of future rentals in case of such forfeiture. It is apparent also that the exact amount of such damage might be difficult of proof or ascertainment. It is precisely upon this proposition of the difficulty of ascertaining the damages which might arise from the breach of certain contracts that stipulations for the payment of liquidated damages have been upheld by the courts. 13 Tex. Jur. p. 114, 126. Langever v. R. G. Smith & Co. (Tex. Com. App.) 278 S. W. 178. As said in Elliott on Contracts:

"In the case of liquidated damages the parties anticipate and agree in advance for a certain amount of damages which will be accepted as full compensation for such injury as may be sustained by a breach of the agreement." Elliott on Contracts, vol. 2, § 1559, p. 847.

Rents which had accrued at the time of forfeiture of the lease contract by the lessor were capable of exact ascertainment at any time the forfeiture might be declared. Hence there could have been no occasion for the parties to make such rentals the subject of liquidated damage. It is evident also that the liquidated damage was to apply in the event of a forfeiture for failure to pay one-half of increase in taxes, as provided in paragraph IX above quoted. Moreover, the rentals here sued for cannot be considered damages in any sense. Damages have been defined as "the pecuniary compensation, recompense or satisfaction for an injury sustained." 8 R. C. L. 420. The $325 owed by appellant to appellee at the time appellant vacated the premises was a debt. It arose by reason of the fact that appellant occupied appellee's premises under an agreement to pay rent. Therefore, it is not owed as "compensation, recompense or satisfaction for the injury" occasioned by the breach. And it cannot be said that the parties so intended in the absence of a clear and unequivocal provision evidencing such intent.

The foregoing considerations make it evident, we think, that the trial court correctly construed the stipulation for liquidated damages as being intended by the parties as agreed compensation to the lessor for losses resulting to him from the lessee's breach of the agreement and the consequent loss of future rentals occasioned thereby.

The judgment of the trial court is in all things affirmed.