ODOM, ARCHIE M., Associate Judge
(dissenting).
This is a Dade County lease controversy involving the following factual background:
Appellant, lessee, and appellee, lessor, are assignees of a 99 year lease of certain Miami Beach property on which there is now located a hotel but was vacant at the time of the execution of the lease. By the terms of the lease dated April 10, 1951, the lessee agreed to construct a hotel and furnish same, pay rent, taxes, mortgage payment and insurance and do all other things that a lessee agrees to do in a typical 35 page Miami Beach hotel lease but which are of no consequence to his appeal. The hotel was constructed and furnished for an amount in excess of $750,000.
The appellant failed to pay the rent due March 15, 1959, of $13,000 and taxes for 1958 amounting to $26,755.21. The appellee gave appellant notice of default of the lease and instituted dispossessory proceedings. Appellant was dispossessed in April of 1959.
Appellee then filed this action alleging that appellant was indebted to the appellee for the said past-due rent, taxes for 1958 and for insurance that was cancelled by appellant. Appellant answered that the lease provided for a security deposit and that in case of default and termination, the security deposit (hotel and furnishings) were to be liquidated damages for that default.
The cause came before the trial court on appellee’s motion for summary judgment. The trial court found for appellee and entered summary judgment for appellee in the sum of $43,075.06 which included said rent and taxes plus $3,319.85 for the cancelled insurance policies.
It is from that judgment that this appeal is taken.
The question to be decided by this appeal can be stated as follows:
Where a lease provides that the premises built upon lessor’s land by the lessee plus the personal property located therein shall, in the event of termination of the lease because of lessee’s default, pass to and become the property of the lessor, not as penalty or forfeiture but as liquidated damages, is the lessor, upon default by the lessee, entitled to recover for rent, taxes and insurance due at the time of the default or is lessor’s recovery limited to the liquidated damage provision of the lease?
It may be well to say at the outset that this case does not present the problem of determining if the liquidated damage provision in the lease is to be construed as a penalty or liquidated damages. Appellant and appellee both agree that the provision is one of liquidated damages and not penalty.
The provision of this lease that has given rise to this controversy provides as follows:
“G) It is further covenanted and agreed by and between the parties hereto, in the event of the termination of this lease at any time before the expiration of the term of ninety-nine (99) years hereby created for the breach of any of the covenants herein contained,, then in such case all of the right, estate and interest of the Lessee in and under this indenture and in the demised premises hereinabove described and all improvements, buildings and the Lessee’s interest in all furniture, furnishings, fixtures and equipment then situate in said demised premises, together with all rents, issues and profits of said premises and the improvements thereon, whether then accrued or to accrue and all insurance policies and all insurance moneys paid or payable thereunder shall, without any compensation made therefor unto the Lessee, at once pass to and become tire property of the Lessors, not as a penalty for forfeiture but as liquidated damages to the Lessors because of such default by the Lessee hereby fixed and agreed upon between the parties hereto, each of the parties hereto recognizing the impossibility of precisely ascertaining the amount of *505 damages that will be sustained by the Lessors in consequence of such default and the parties desiring to obviate any question or dispute concerning the amount of such damages and the cost and effect of such default in consequence of such forfeiture, have taken these elements into consideration in ■fixing and agreeing upon the amount of rent to be paid by the Lessee to the Lessors.”
No case among the decisions of the appellate courts of the State of Florida where the ■question stated above has been both raised and décided has been presented by counsel nor have I found such a case.
In Kanter v. Safran, Fla.1953, 68 So.2d 553, 559, the Supreme Court of Florida used the following language:
“It should be noted that, in the absence of an express stipulation, it will not be presumed that ‘liquidated damages’ include rents which have accrued at the time the lease is terminated, since such are capable of exact ascertainment at any time the forfeiture might be declared. They are, moreover, in the nature of a debt, rather than damages, which have been defined as ‘the pecuniary compensation, recompense or satisfaction for an injury sustained.’ 8 R.C.L. 420, cited in Smith v. Navarro, Tex.Civ.App., 69 S.W.2d 794, in which this same conclusion was reached.”
This principle of law is dictum to the point involved in that case as will be shown by an examination of the case.
The factual situation in the Kanter case is similar to the one now being decided but the question decided by the Supreme Court is different. The facts of the Kanter case are as follows: The parties entered into a lease of a Miami Beach hotel, the lessee making a security deposit of $33,000 equal-ling one year’s rental. The lessee failed to make three monthly rental payments and lessor brought a suit at law to collect the past-due rent. The lessor took possession of the premises specifying that said possession was taken for the account of the lessee. Three weeks later lessee sued in equity for the return of the security deposit less past-due rent and an injunction against the action at law for past-due rent. Lessor answered claiming the security deposit as liquidated damages and counterclaimed for special damages. The trial court decreed the security deposit be returned less past-due rent and other special damages. The Supreme Court reversed the lower court holding that the question presented as follows:
“We think the key question in the case is whether there was a surrender by the lessees and an acceptance thereof by the lessors in such manner as to terminate all further liability of the lessees to the lessors under the lease.”
The cause was remanded for the purpose of securing more testimony on whether the lessor re-entered for his own account or for the account of lessee.
The lease in the Kanter case contained this provision:
“(a) If the lease is cancelled through default of the lessee no part of the fund shall ever be returned by the lessors unto the lessee nor shall the lessors be bound to account to the lessee for any part of the said fund, (b) Upon such cancellation for default in addition to retaining the security fund as liquidated and agreed upon damages the lessors may call upon the lessee to respond for any existing damages, should the actual damages exceed the amount of the security fund excepting, however, that in computing the damages the same shall take into account only damage to the property both real and personal and arrearages in rent for any periods.of time during which the lessee is actually in possession. In the event that the lessee relinquish possession at any time during the term of this lease they shall not be liable for any rents accruing after the relinquishment of possession by them.*
*506 The court held that this provision could not be construed as providing for liquidated damages. The Kanter case returned to the Supreme Court of Florida styled as Kanter v. Safran, Fla.1955, 82 So.2d 508. The trial court found that the lessor had re-entered for his own account. The Supreme Court again reversed the lower court holding that the lessor had re-entered for the account of the lessee and directed that the bill be dismissed without prejudice to the lessees to sue for an accounting at the expiration of the term of the original lease.
Kanter v. Safran made its final appearance in the Supreme Court of Florida in Fla.1958, 99 So.2d 706. The trial court ordered the return of the security deposit less special damages but no general damages. The Supreme Court affirmed holding that the lessor had failed to prove any such damages.
I have gone into these three cases at length for the purpose of distinguishing the points involved in the Kanter cases and in the case at bar. The Supreme Court ruled out the question of liquidated damages in the first appearance of the case and required the lessor to prove all his damages. Consequently, the first language that I have quoted from the Kanter case is dictum, as already stated, and is persuasive but not binding.
Hyman v. Cohen, Fla.1954, 73 So.2d 393, is also a Miami Beach hotel lease case decided by the Supreme Court of Florida. The parties entered into a lease, the lessee putting up a $25,000 security deposit. The lease was terminated because of lessee’s default in the payment of rent. Lessee filed suit for the return of the security deposit less past-due rent. Lessor answered claiming the security deposit as liquidated damages and counterclaimed for past-due rent. The lower court held that the lessor return the security deposit less past-due rent holding the provision to be a penalty rather than liquidated damages. The Supreme Court of Florida reversed holding that the security deposit was liquidated damages in case the lease was terminated by lessee’s default. There was no finding in regard to lessor’s independent claim for past-due rent.
There being no Florida case in point and not being bound to follow the language of Smith v. Navarro, Tex.Civ.App., 69 S.W.2d 794, quoted in the Kanter case, supra, it is my opinion that Smith v. Lambert Transfer Co., 109 Wash. 529, 187 P. 362, clearly sets out the principle that we should follow in the case at bar.
In the Smith case, supra, the Supreme Court of Washington had before it a case very similar to our case; the factual situation being as follows: The parties entered into a 15 year lease, the lessee depositing $5,000 with lessor to apply according to the terms of the lease as follows:
“This payment is made in payment of the last several monthly installments of rental accruing under this lease, which monthly installments aggregate $5,000, and as security to said lessors for the faithful performance of the covenants and agreements on the part of the lessee herein. In case of the nonpayment of the rent payable at any of the times herein specified, or in default of any of the covenants herein contained, the lessors may cancel this lease in the manner provided by law, and said payment of $5,000 shall be forfeited as liquidated damages by the lessors.”
The lessee failed to pay taxes as provided in the lease and subsequently vacated the premises. The lessor sued for cancellation of the lease, retention of the $5,000 deposit as liquidated damages and a judgment for the taxes that lessor had been forced to pay. The Supreme Court of Washington stated the law to be as follows:
“Having determined that the contract provision in question was for liquidated damages, we come to the determination of the second question as to whether respondents are entitled to retain the $5,000 in addition to recovering the amount which they paid *507 in taxes, which was a special damage arising from the breach of one of the covenants of the lease. The general rule as stated in 8 R.C.L. 358, is that in contracts providing for liquidated damages the amounts therein named measure the damages in case of a breach, and that recovery must be for amounts no other or greater than those stipulated, though the actual damage may be greater or less, see, also, 17 C.J. 966. Without discussion, this court in Go Fun v. Fidalgo Island Can. Co., 37 Wash. 238, 79 P. 797, and West Coast M. Agency v. Oregon Cond. Milk Co., 54 Wash. 247, 103 P. 4, has committed itself to the view that liquidated damages establish the amount recoverable for the breach of the contract. If the amount agreed upon is liquidated damages, there can be no additional recovery for special items of damages arising out of breach of covenants for which liquidated damages were provided. The fact that the actual damage may be in excess of or less than the amount agreed upon as liquidated is a matter with which the court could not be concerned, for when it has been determined that that amount is not disproportionate to the amount of the actual damage which might occur, and the possibility was remote at the time of entering into the contract of accurately ascertaining the amount of the prospective damages, and the court having found the intent of the parties to be that they have agreed upon a definite sum, which was to be retained by one of the parties as full compensation in the event of the breach, proof of special items of damage for the breach of any of the conditions covered by the stipulated amount is inadmissible. This rule has been followed in a great number of cases, among which might be cited McCurry v. Gibson, 108 Ala. 451, 18 So. 806, 54 Am.St.Rep. 177; Morris v. Wilson Sons & Co., 114 F. 74, 52 C.C.A. 22; Millen v. Gulesian, 229 Mass. 27, 118 N.E. 267; Jackson v. Hunt, 76 Vt. 284, 56 A. 1010; Board of Commerce of Ann Arbor, Mich. v. Security Trust Co., 225 F. 454, 140 C.C.A. 486; Dean v. Conn. Tobacco Corp., 88 Conn. 619, 92 A. 408; Smith v. Newell, 37 Fla. 147, 20 So. 249; Jobst v. Hayden Bros., 88 Neb. 469, 129 N.W. 992; Yoder v. Strong, 227 Pa. 432, 76 A. 176; Nelson v. Butler (Tex.Civ.App.) 190 S.W. 811; Morrison v. Ashburn (Tex.Civ.App.) 21 S.W. 993; Stillwell v. Temple, 28 Mo. 156; Rosenquist v. Canary, 20 Misc. 46, 45 N.Y.S. 342; Stone, Sand & Gravel Co. v. U. S., 234 U.S. 270, 34 S.Ct. 865, 58 L.Ed. 1308.”
It will be noted that the Washington Court cited Smith v. Newell, 37 Fla. 147, 20 So. 249, 251, which uses the following language:
“If the contract provides for a definite sum as the liquidated, stated, or stipulated amount to be paid upon a breach thereof, then the amount so stipulated, liquidated, and' fixed upon by the parties can be directly sued for in debt or assumpsit, and recovered, as is attempted in this case; and in such event no proof is necessary on the plaintiffs’ part of the sustainment of any actual loss or damage by reason of the defendant’s breach, but he sues for and recovers the stipulated sum as upon a special and specific promise to pay that sum. All that is necessary to entitle the plaintiff, in such a case, to recover the stipulated sum, is to show the breach of the contract upon which the payment thereof depends. If, on the other hand, the sum mentioned in the contract to be paid upon a breach thereof is construed to be merely a penalty, and not liquidated or stipulated damages, than the .plaintiff must sue for the damage actually resulting from the breach, and not for the specific sum named as the penalty, and must allege, not only the breach of the contract, but such other essential matters of fact as are necessary to show *508 that he has sustained actual damage hy reason of the breach; and he must prove the actual damage that he has sustained, and he cannot, in such a case, recover any greater sum as damages than his proofs show him to have actually sustained in consequence of the breach of the contract. In such cases the plaintiff is entitled to recover all such damages as he proves himself to have actually sustained in consequence of the breach, whether they exceed the amount of the penalty mentioned in the contract or not. The amount of the penalty does not, in such cases, limit the amount of the recovery.”
It will be noted that both of these cases hold that where a contract specified a certain sum to be considered as liquidated damages in case of default; that in those cases where the courts construe that provision to be one for liquidated damages, the parties are bound by that amount in an action for breach; but, if the provision is construed to be one of penalty, the party suing for the breach must allege and prove actual damages, the penalty provision having no effect on the amount of recovery.
In answer to the original question it is my opinion that where a lease provides for liquidated damages, in case of termination of the lease caused by lessee’s default, the lessor is limited in his recovery to the liquidated damages provided in said lease, provided the courts construe said provision to be for liquidated damage and not penalty.
Applying the foregoing principle to the case at bar, the trial court erred in allowing appellee damages for past-due rent and taxes. That part of the summary judgment appealed from that allowed appellee the proceeds from cancelled insurance policies is proper because the policies or the proceeds therefrom passed to appellee as part of the liquidated damages provided in said lease.
I would reverse the trial court and remand this cause for entry of a summary judgment consistent with this opinion.